TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar No. 8264
MARILYN E. GARTLEY
Assistant United States Attorney
VIRGINIA T. TOMOVA
Assistant United States Attorney
Nevada Bar No. 12504
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Fax: (702) 388-6787
Marilyn.Gartley@usdoj.gov
Virginia.Tomova@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Soseh Esmaeili, Ph.D.; Reflections Therapy - Dr. Soseh Esmaeili, Psy.D., PLLC,<br><br>Defendants. | Case No.: 2:25-cv-01401-JCM-DJA<br><br>**MOTION TO EXTEND DISCOVERY DEADLINES**<br><br>**(First Request)** |

PLEASE TAKE NOTICE that in accordance with LR IA 6-1 and LR 26-3 and pursuant to Fed. R. Civ. P. 6(b)(1)(B) and Fed. R. Civ. P. 7(b)(1), the United States of America ("Plaintiff" or "United States"),[1] as the moving party, by and through the undersigned counsel, does hereby respectfully move the Court for a ninety (90) day extension of discovery deadlines set forth in the Stipulated Discovery Plan and Scheduling Order, entered by the Court on October 31, 2025. ECF No. 13. The Plaintiff's counsel has conferred with counsel for Soseh Esmaeili, Ph.D. and Reflections Therapy, PLLC seeking consent to the relief requested herein but is waiting on counsel to first discuss the request with his clients. Accordingly, the United States hereby moves to extend the discovery deadlines by a period

[1] Collectively, the Plaintiff and the Defendants are referred to herein as the "Parties."

of ninety (90) days pursuant to Fed. R. Civ. P. 6(b)(1)(A) and in accordance with LR IA 6-1(a) and LR 26-3.

**RELEVANT PROCEDURAL HISTORY**

1. On August 1, 2025, the United States filed suit against Soseh Esmaeili, Ph.D. ("Esmaeili") and Reflections Therapy, PLLC ("Reflections Therapy") alleging that the improper billing practices and claims submissions by Esmaeili and Reflections Therapy[2] to Tricare constituted violations of the False Claims Act under 31 U.S.C §§ 3729(a)(1) and (a)(1)(A).

2. On October 1, 2025, the Defendants answered the Complaint. ECF No. 4.

3. On October 31, 2025, the Court entered the Stipulated Discovery Plan and Scheduling Order ("Stipulated Discovery Plan and Scheduling Order"). ECF No. 13.

4. The Parties are currently engaged in written fact discovery.

5. The Defendants have propounded Defendants' First Request for Production to Plaintiff, Defendants' First Set of Requests for Admission to Plaintiff, and Defendants' First Set of Interrogatories to the Plaintiff, for which certain of the United States's answers, objections, and responses are due on April 6, 2026.

**DISCOVERY REMAINING**

The Parties have yet to schedule depositions and will need to serve and respond to additional discovery prior to designating expert witnesses. The Parties respectfully reserve the right to engage in other discovery forms permitted by applicable rules and within the revised discovery deadlines if the court approves this stipulation. Good cause and excusable neglect both exist to grant the relief requested in the Motion or for the Court to grant such other such relief as the Court deems appropriate under the circumstances.

**GOOD CAUSE AND EXCUSABLE NEGLECT EACH EXIST TO EXTEND THE DISCOVERY DEADLINES BY AN ADDITIONAL NINETY (90) DAYS**

Under Federal Rule of Civil Procedure 6(b), a court may, "for good cause," extend a deadline if a request is made "before the original time or its extension requires." Fed. R. Civ.

[2] Collectively, Esmaeili and Reflections Therapy are referred to as the "Defendants."

P. 6(b)(1)(A); *see also* LR IA 6-1(a). The Ninth Circuit has equated good cause with the exercise of due diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Additionally, Fed. R. Civ. P. 6(b)(1) should "be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits," and "requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (internal citations omitted). Here, the requested extension of the discovery periods is made prior to the expiration of the deadlines in the Stipulated Discovery Plan and Scheduling Order.

In the event the Court concludes that excusable neglect is required based on the filing of the Motion outside of the twenty-one (21) day period set forth in LR 26-3, the United States will also demonstrate that the relief sought is on account of excusable neglect based on the circumstances before the Court. "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)).

If the relief sought is granted, no prejudice will result to the Defendants as the litigation is situated in an early procedural posture, and here, the delay is minimal as the enlargement of time sought in the Motion is made prior to the Parties' concluding written discovery. The reasons for the delay largely fall outside of the control of the United States. The undersigned counsel stands ready to move forward in the proceeding on behalf of the United States and is seeking the requested relief in good faith

In the case at bar, the United States's failure to file the Motion within the time period prescribed by LR 26-3 is not a product of culpable conduct or the absence of diligence. Instead, the conduct at issue arises from entry of the Stipulated Discovery Plan and Scheduling Order

during the period within which nearly the entire civil division of the United States Attorney's Office for the District of Nevada was furloughed, namely, from the start of the government shutdown on October 1, 2025, until its cessation on November 12, 2025. After the lapse in appropriations during the Fall of 2025, *see* General Order No. 2025-07, the United States Attorney's Office then experienced a severe staff shortage and needed to fully prioritize answering and responding to habeas immigration cases, which have been regularly served upon the office in high volume since August of 2025. Hence, the furlough period coupled with swift and far-reaching transitions to staffing and a shortfall of acting and sworn Assistant United States Attorneys handling this District's civil case load evidence excusable neglect.[3]

The undersigned AUSA joined the Office just in February of 2026. AUSA Blaik departed employment with the Office as of March 26, 2026, whereby the undersigned was then just assigned to the case. Hence, she needs time to familiarize herself with the procedural history and documentary and witness evidence and further to prepare for fact witness depositions and to prepare materials in retaining expert witnesses. Accordingly, as the length of the delay that would result from the ninety day period sought is negligible; in light of the early posture of the case itself and the Parties' current early stage of written fact discovery; and the good faith of the newly hired and assigned AUSA, the United States respectfully requests for the Court to allow the Parties to have an enlargement of time of 90 days. Thus, pursuant to LR IA 6-1 and LR 26-3, the United States requests for the discovery deadlines set forth in the current scheduling order (ECF No. 13) be extended by a period of 90 days.

| **SCHEDULED EVENT** | **CURRENT DEADLINE** | **PROPOSED DEADLINE** |
|---|---|---|
| Amendment of Pleadings | April 29, 2026 | **July 28, 2026** |
| Plaintiff's Expert Disclosure | March 29, 2026 | **June 27, 2026** |
| Defendants' Expert Disclosure | April 29, 2026 | **July 28, 2026** |
| Plaintiff's Rebuttal Expert Report | May 28, 2026 | **August 26, 2026** |

---

[3] *Cf. Doe v. Lombardo*, No. 3:24-cv-00065-MMD-CSD, 2024 U.S. Dist. LEXIS 191913, at *6-7, 2024 WL 4536772 (D. Nev. Oct. 18, 2024) (citing Fed. R. Civ. P. 55(c) and 60(b); *O'Connor v. Nevada.*, 27 F.3d 357, 364 (9th Cir. 1994)) (good cause to set aside a default may exist even where that default resulted from a defendant's mistake or neglect).

| | | |
|---|---|---|
| Discovery Cut Off | July 28, 2026 | **October 26, 2026** |
| Dispositive Motions | August 28, 2026 | **November 26, 2026** |
| Joint Pretrial Order | September 28, 2026 | **December 27, 2026**[4] |

This is the first request for an extension of discovery deadlines in this matter. This request for an extension of time is not sought for any improper purpose including delay.

Respectfully submitted this 30th day of March 2026.

SIGAL CHATTAH
First Assistant United States Attorney

*/s/ Marilyn E. Gartley*
MARILYN E. GARTLEY
Assistant United States Attorney
marilyn.gartley@usdoj.gov
VIRGINIA T. TOMOVA
Assistant United States Attorney
Virginia.Tomova@usdoj.gov

*Attorneys for United States*

[4] However, if dispositive motions are filed, the proposed joint pretrial order will be due thirty days after the rulings on such dispositive motions.