TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar No. 8264
MARILYN E. GARTLEY
Assistant United States Attorney
VIRGINIA T. TOMOVA
Assistant United States Attorney
Nevada Bar No. 12504
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Fax: (702) 388-6787
Marilyn.Gartley@usdoj.gov
Virginia.Tomova@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Soseh Esmaeili, Ph.D.; Reflections Therapy - Dr. Soseh Esmaeili, Psy.D., PLLC,<br><br>Defendants. | Case No.: 2:25-cv-01401-JCM-DJA<br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES**<br><br>**(Second Request)** |

PLEASE TAKE NOTICE that in accordance with LR IA 6-1 and LR 26-3 and pursuant to Fed. R. Civ. P. 6(b)(1)(B) and Fed. R. Civ. P. 7(b)(1), the United States of America ("Plaintiff" or "United States"), and Defendants Soseh Esmaeili, Ph.D. and Reflections Therapy, PLLC ("Defendants")[1], by and through undersigned counsel, hereby respectfully stipulate to a forty-five (45) day extension of expert discovery deadlines set forth in the Court's Order, entered on April 6, 2026. ECF No. 32.

## RELEVANT PROCEDURAL HISTORY

1. On August 1, 2025, the United States filed suit against Soseh Esmaeili, Ph.D. ("Esmaeili") and Reflections Therapy, PLLC ("Reflections Therapy") alleging that the

[1] Collectively, the Plaintiff and the Defendants are referred to herein as the "Parties."

improper billing practices and claims submissions by Esmaeili and Reflections Therapy to Tricare constituted violations of the False Claims Act under 31 U.S.C §§ 3729(a)(1) and (a)(1)(A).

2. On October 1, 2025, the Defendants answered the Complaint. ECF No. 4.

3. On October 31, 2025, the Court entered the Stipulated Discovery Plan and Scheduling Order ("Stipulated Discovery Plan and Scheduling Order"). ECF No. 13.

4. The Parties are currently engaged in written fact discovery.

5. The Defendants propounded their First Request for Production to Plaintiff, First Set of Requests for Admission to Plaintiff, and First Set of Interrogatories to Plaintiff.

6. On April 6, 2026, the Court entered its order extending discovery. ECF No. 32.

7. On April 20, 2026, the United States provided its responses and objections to Defendants First Set of Requests for Production, and it has engaged in rolling production pursuant to those requests.

8. On April 23, 2026, the United States provided its responses and objections to Defendants First Set of Requests for Admission.

9. On April 24, 2026, the United States provided its responses and objections to Defendants First Set of Interrogatories.

## DISCOVERY REMAINING

The Parties have yet to schedule depositions and will need to serve and respond to additional discovery prior to designating expert witnesses. The Parties respectfully reserve the right to engage in other discovery forms permitted by applicable rules and within the revised discovery deadlines if the court approves this stipulation. Good cause exists to grant the relief requested in the stipulation or for the Court to grant such other such relief as the Court deems appropriate under the circumstances.

## GOOD CAUSE TO EXTEND THE EXPERT DISCOVERY DEADLINES BY AN ADDITIONAL FORTY-FIVE (45) DAYS

Under Federal Rule of Civil Procedure 6(b), a court may, "for good cause," extend a deadline if a request is made "before the original time or its extension requires." Fed. R. Civ.

P. 6(b)(1)(A); *see also* LR IA 6-1(a). The Ninth Circuit has equated good cause with the exercise of due diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Additionally, Fed. R. Civ. P. 6(b)(1) should "be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits," and "requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (internal citations omitted).

Good cause exists because despite the parties' diligence, additional time is needed for the parties to propound further fact discovery as needed, conduct depositions, and permit any experts time to review all available production. Thus, pursuant to LR IA 6-1 and LR 26-3, the parties request that the expert discovery deadlines set forth in the current scheduling order (ECF No. 32) be extended by a period of 45 days, as listed below:

| **SCHEDULED EVENT** | **CURRENT DEADLINE** | **PROPOSED DEADLINE** |
|---|---|---|
| Plaintiff's Expert Disclosure | June 27, 2026 | **August 11, 2026** |
| Defendants' Expert Disclosure | July 28, 2026 | **September 14, 2026** |
| Plaintiff's Rebuttal Expert Report | August 26, 2026 | **October 12, 2026** |

/ / /

This is the second request for an extension of discovery deadlines in this matter. This request for an extension of time is not sought for any improper purpose including delay.

Respectfully submitted this 12th day of June 2026.

SBBL LAW

*/s/ Patrick Hecker*
PATRICK HECKER
60 Monroe Center St. NW
Grand Rapids, MI 49503
patrick@sbbllaw.com
*Attorney for Defendants*

SIGAL CHATTAH
First Assistant United States Attorney

*/s/ Marilyn E. Gartley*
MARILYN E. GARTLEY
Assistant United States Attorney

*Attorneys for the United States*

**IT IS SO ORDERED.**

______________________________
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** ______________________