TODD BLANCHE
Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar No. 8264
MARILYN E. GARTLEY
Assistant United States Attorney
VIRGINIA T. TOMOVA
Assistant United States Attorney
Nevada Bar No. 12504
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Fax: (702) 388-6787
Marilyn.Gartley@usdoj.gov
Virginia.Tomova@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Soseh Esmaeili, Ph.D.; Reflections Therapy - Dr. Soseh Esmaeili, Psy.D., PLLC,<br><br>Defendants. | Case No.: 2:25-cv-01401-JCM-DJA<br><br>**MOTION TO EXTEND DISCOVERY DEADLINES**<br><br>**(Third Request)** |

The United States of America ("United States"), by and through undersigned counsel, in accordance with LR IA 6-1 and LR 26-3 and pursuant to Fed. R. Civ. P. 6(b)(1)(A) and Fed. R. Civ. P. 7(b)(1), does hereby respectfully move the Court for a ninety (90) day extension of expert discovery deadlines set forth in the Court's Order, entered on June 16, 2026. ECF No. 36. Defendants' counsel has consented to the ninety (90) day extension of expert discovery deadlines sought by the undersigned. However, the enlargement sought will necessarily further result in extensions of the other remaining deadlines set forth in the current scheduling order. ECF No. 32. This is the third request for an extension of discovery deadlines. This request is submitted in good faith and not for purposes of undue delay.

The Parties have been proactively engaging in settlement discussions since June 4, 2026, and have exchanged information and then terms after a second settlement conducted via a Microsoft Teams Meeting held on July 2, 2026. This enlargement of time is sought as a consequence of the Parties continued conferrals and participation in productive settlement discussions, which have resulted in the Parties exchanging terms reflecting an increasingly smaller delta remaining between their respective terms. However, incurring the expenses associated with expert retention and conducting fact witness depositions would undermine the viability of the current settlement negotiations. Accordingly, the United States hereby moves pursuant to Fed. R. Civ. P. 6(b)(1)(A) and in accordance with LR IA 6-1(a) and LR 26-3 to extend the expert discovery deadlines by a period of ninety (90) days and for the deadlines falling thereafter to then be extended by the sequential time periods set forth in LR 26-1 in order to facilitate the Parties ongoing settlement negotiations and to avoid prematurely discontinuing settlement discussions by requiring the Parties to redirect their efforts towards completing expert discovery and conducting fact witness depositions.

**RELEVANT PROCEDURAL HISTORY**

1. On August 1, 2025, the United States filed suit against Soseh Esmaeili, Ph.D. ("Esmaeili") and Reflections Therapy, PLLC ("Reflections Therapy") alleging that the improper billing practices and claims submissions by Esmaeili and Reflections Therapy to Tricare constituted violations of the False Claims Act under 31 U.S.C §§ 3729(a)(1) and (a)(1)(A).

2. On October 1, 2025, the Defendants answered the Complaint. ECF No. 4.

3. On October 31, 2025, the Court entered the Stipulated Discovery Plan and Scheduling Order ("Stipulated Discovery Plan and Scheduling Order"). ECF No. 13.

4. The Parties are currently engaged in written fact discovery.

5. The Defendants propounded their First Request for Production to Plaintiff, First Set of Requests for Admission to Plaintiff, and First Set of Interrogatories to Plaintiff.

6. On April 6, 2026, the Court entered its order extending discovery. ECF No. 32.

7. On April 20, 2026, the United States provided its responses and objections to Defendants First Set of Requests for Production and is engaging in rolling productions in response to those requests.

8. On April 23, 2026, the United States provided its responses and objections to Defendants First Set of Requests for Admission.

9. On April 24, 2026, the United States provided its responses and objections to Defendants First Set of Interrogatories.

10. Thereafter, the Parties have engaged in productive discovery conferrals during the production process.

11. On June 4, 2026, the Parties initially engaged in settlement discussions during a Microsoft Teams Meeting.

12. On June 12, 2016, the Parties filed a Stipulation to a forty-five (45) day extension of the expert witness discovery deadlines, which was granted by the Court on June 16, 2026. ECF No. 36.

13. Thereafter, on July 2, 2026, the Parties engaged in a second follow-up settlement discussion on Microsoft Teams after having engaged in a series of cooperative discussions and information exchanges after their first settlement conference.

14. Since this second settlement conferral, the Parties have exchanged settlement terms and have achieved substantial progress in closing the gap between the offer and counteroffer.

## DISCOVERY REMAINING

The Parties have cooperatively worked through a series of technical issues related to production format specifications that initially delayed the ability to review the rolling document productions. The Parties have yet to schedule depositions and will need to engage expert witnesses in the event a settlement is not reached. Enlargement of the expert discovery deadlines and the deadlines falling thereafter will allow for the Parties to continue to work together to finalize a settlement. Critically, the settlement negotiations have been precipitated by the Parties' good faith negotiations and have been steered by the objective of avoiding the expenses and costs associated with expert witnesses and depositions.

Good cause exists to grant the relief requested in the Motion or for the Court to grant such other such relief as the Court deems appropriate under the circumstances. The Parties respectfully reserve the right to engage in other discovery forms permitted by applicable rules within the revised discovery deadlines if the Court approves the relief sought.

**GOOD CAUSE AND EXCUSABLE NEGLECT EACH EXIST TO EXTEND THE DISCOVERY DEADLINES BY AN ADDITIONAL NINETY (90) DAYS**

Under Federal Rule of Civil Procedure 6(b), a court may, "for good cause," extend a deadline if a request is made "before the original time or its extension requires." Fed. R. Civ. P. 6(b)(1)(A); *see also* LR IA 6-1(a). The Ninth Circuit has equated good cause with the exercise of due diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Additionally, Fed. R. Civ. P. 6(b)(1) should "be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits," and "requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (internal citations omitted).

The enlargement of time sought will not prejudice the Parties. The Parties have advanced discovery diligently—the United States has responded to Defendants' discovery requests and has been engaging in substantive rolling productions. The Defendants have cooperatively worked with the United States to resolve discovery related issues, and the Parties have been proactively engaging in fruitful settlement negotiations. Nevertheless, additional time is needed for the Parties to continue their negotiations to reach a settlement of this matter. The Motion is filed after expiration of the time period in LR 26-3 due to the need for the undersigned to coordinate with agency counsel and as a consequence of her long planned international trip to Italy with her daughter and her set schedule for teaching panels at the National Advocacy Center on complex ESI workflows for ACE, which she just returned from on August 10, 2026.

Under these circumstances, despite the diligent and good faith efforts by Parties' counsel, the Parties will need additional time to allow for settlement negotiations to conclude

and if they are not finally consummated, to engage experts, conclude fact discovery, and take fact witness depositions. A primary thrust of the ongoing settlement negotiations is to avoid incurring the expenses associated with the foregoing discovery.

Both Parties have proceeded diligently in this action. The requested relief will facilitate a potential settlement of the case or otherwise, promote resolution of the case on a complete and orderly record. The United States submits that these circumstances support the limited discovery extension sought.

Thus, pursuant to LR IA 6-1 and LR 26-3, the United States respectfully requests for the expert discovery deadlines set forth in the current scheduling orders (ECF Nos. 32 & 36) be extended by a period of 90 days and for the deadlines falling thereafter to then be extended in accordance with the sequential time periods set forth in LR 26-1, as listed below. The duration of sixteen (16) days from the last scheduling order between the deadline for the submission of the Plaintiff's Rebuttal Expert Report and the close of fact discovery, ECF No. 36, has been maintained in the proposed deadlines below as adjusted by the 90-day extension sought for of the time periods for expert witness discovery. Thereafter, the remainder of the proposed deadlines have been structured from the close of fact discovery in accordance with the time periods prescribed by LR 26-1.

| **SCHEDULED EVENT** | **CURRENT DEADLINE** | **PROPOSED DEADLINE** |
|---|---|---|
| ~~Amendment of Pleadings~~ | ~~April 29, 2026~~ | ~~July 28, 2026~~ |
| Plaintiff's Expert Disclosure | August 11, 2026 | November 9, 2026 |
| Defendants' Expert Disclosure | September 11, 2026 | December 10, 2026 |
| Plaintiff's Rebuttal Expert Report | October 10, 2026 | January 8, 2027 |
| Discovery Cut Off | October 26, 2026 | January 25, 2027 |
| Dispositive Motions | November 27, 2026 | February 24, 2027 |
| Joint Pretrial Order | December 28, 2026 | December 27, 2026[1] |

//

[1] However, if dispositive motions are filed, the proposed joint pretrial order will be due thirty days after the rulings on such dispositive motions.

Respectfully submitted this 11th day of August 2026.

SIGAL CHATTAH
First Assistant United States Attorney

*/s/ Marilyn E. Gartley*
MARILYN E. GARTLEY
Assistant United States Attorney

*Attorneys for United States*